IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01016-EWN-CBS

ARTHUR JAMES LOMAX,
    Plaintiff,
v.

SGT. PENSON, and
THREE (3) UNKNOWN NAME,
    Defendants.
_____

ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE
_____

Magistrate Judge Craig B. Shaffer

    By an Order entered May 26, 2006 (Doc. # 2) Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(b)(2), Plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full.  In the Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed either to make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment.  In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement.  Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

    In reviewing the inmate account statements filed on September 13, 2007 (Doc. # 77) and October 15, 2007 (Doc. # 81) the total income credited to Plaintiff's account in August was $106.46 and the total income credited to Plaintiff's account in September

was $112.13.  Plaintiff should have paid into the court registry $21.29 towards his filing fee in August and $22.42 towards his filing fee in September, a total of $43.71 for the two months.  The court records reflect that Plaintiff made only a $10.00 payment towards his filing fee on September 4, 2007 (Doc. # 76).  Plaintiff is advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment.  *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003) ("when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").  Therefore, Plaintiff will be ordered to pay into the court registry $33.71 by November 1, 2007, or show cause why he cannot.

This is the fourth Order the court has issued to Plaintiff regarding his obligation pursuant to § 1915(b)(2) to make monthly payments of 20 percent of the preceding month's income credited to his inmate trust account until the filing fee is paid in full. It is not acceptable for Plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause.  Such a procedure unreasonably burdens the court.  Hereafter, the court will require Plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a **current** certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.  If Plaintiff fails to comply with this requirement in any month prior to the date on which the filing fee is paid in full, the court will recommend that the case be

dismissed for failure to comply with this Order, the Order allowing Plaintiff to proceed *in forma pauperis* entered May 26, 2006 (Doc. # 2), and with the court's Orders dated December 19, 2006 (Doc. # 37) and April 4, 2007 (Doc. # 60).  Accordingly,

IT IS ORDERED that Plaintiff shall pay into the court registry $33.71 by November 1, 2007, or show cause why he cannot.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter Plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, Plaintiff must file a certified copy of his trust fund account statement for that month.  The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.  If Plaintiff fails to comply with this Order, the complaint and this civil action may be dismissed without further notice.

DATED at Denver, Colorado this 22nd day of October, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge